UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony E. Ntamere,

    Plaintiff,

v.

Amerihealth Administrators Inc., et. al,

    Defendants.

Case No. 22-cv-02682 (KMM/JFD)

**ORDER**

The above matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge John F. Docherty, dated February 9, 2023. [ECF No. 8.] Mr. Ntamere has filed objections. [ECF No. 10.] For the reasons set forth below, the Court accepts the R&R, dismisses Mr. Ntamere's claims against the United States Equal Employment Opportunity Commission ("EEOC") and Charlotte Czarnecki, EEOC Investigator, and grants Mr. Ntamere's request to amend his complaint to add the appropriate individuals in place of the Minnesota Department of Human Rights ("MDHR").

After an R&R is issued, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections must outline the specific "portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *United States v. Miller*, Crim. No. 20-232(19) (JRT/BRT), 2022 WL 3644894, at *2 (D. Minn. Aug. 24, 2022) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept.

1

28, 2008)). The Court reviews *de novo* those portions of the R&R to which specific objections are made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

**I.   Background**

The events in this lawsuit took place while Mr. Ntamere was an employee at AmeriHealth Administrators, Inc. ("AHA"), a subsidiary of Independence Blue Cross, LLC ("IBC"). [Am. Compl., ECF No. 4.] According to Mr. Ntamere, when he was at a three-day AHA-sponsored training in July 2019, one of the trainers used a racist slur, which Mr. Ntamere recorded. [*Id.* ¶ 57.] After the training, Mr. Ntamere filed a complaint with IBC's human resources, but Michelle Schumacher, the head of human resources, ultimately closed the complaint and placed a probation notice in Mr. Ntamere's employee file for recording the training in violation of company policies. [*Id.*] After this probation notice was placed in Mr. Ntamere's employee file, Mr. Ntamere sought to file a charge with the EEOC. [*Id.* at 12.] During the process of filing the charge, Mr. Ntamere participated in a plaintiff interview meeting with EEOC Investigator Charlotte Czarnecki. [*Id.*]

Mr. Ntamere disagrees with the R&R's factual findings regarding what happened next. According to Mr. Ntamere, *Ms. Czarnecki* filled out the charge and erroneously sent it to the Pennsylvania Human Relations Commission ("PHRC").[1] [Objections, ECF No. 10 at 2.] Regardless of who filed the charge, Mr. Ntamere alleges that the charge was

---

[1] The R&R states that Mr. Ntamere alleges that Czarnecki erroneously directed *him* to file a cross-complaint with the PHRC. [R&R, ECF No. 8 at 3.]

2

erroneously filed. The EEOC ultimately closed its file pertaining to Mr. Ntamere's allegations, determining that it could not conclude—based on the information it obtained—that federal law had been violated. [ECF No. 4-2 at 9.] Mr. Ntamere then attempted to file a complaint with the MDHR about the use of the racial slur; however, because the initial complaint was filed with the PHRC, he was told he would need to contact the PHRC for assistance. [Am. Compl. at ¶¶ 83–84.]

Mr. Ntamere explains that in June 2020, IBC's CEO sent out an email acknowledging racism within the company and the company's commitment to addressing it. [*Id.* at ¶ 91.] Given his experience at the earlier workshop, Mr. Ntamere found the email insincere, and he expressed this opinion on the company's intranet. [*Id.*] In response, Ms. Schumacher placed a second probation notice in Mr. Ntamere's employee file for failing to comply with the directive in his 2019 probation notice and for violating company policy. [*Id.* at ¶ 95.] Mr. Ntamere then made additional comments critical of IBC to other IBC employees on IBC forums. [*Id.* at ¶ 96] Mr. Ntamere's employment was terminated on June 24, 2020. [*Id.* at ¶ 97.]

Nearly a year later, Mr. Ntamere filed a complaint with the MDHR, claiming his termination from IBC was the result of race-based discrimination. [MDHR Charge, ECF No. 4-1.] The MDHR investigated and determined that there was no probable cause to believe that discrimination occurred. [*Id.*] Mr. Ntamere requested reconsideration, but the MDHR affirmed its earlier ruling. In doing so, the MDHR also explained that Mr. Ntamere's claims that he had been placed on probation in August 2019 for recording the meeting in which he claims to have been subjected to a racial slur may have constituted

violations of the Minnesota Human Rights Act, but those claims were not properly before the MDHR because Mr. Ntamere had failed to assert them in a timely manner. [MDHR Reconsideration, ECF No. 4-4 at 5.]

Mr. Ntamere makes several claims in this case, but the R&R focuses on Mr. Ntamere's allegation that Defendants MDHR, AHA, and Ms. Czarnecki deprived him of due process by cross-filing his 2019 EEOC complaint with the PHRC instead of the MDHR in violation of 42 U.S.C. § 1983. [R&R at 5–6.] The R&R recommends that Mr. Ntamere's claims against the MDHR, the EEOC, and Charlotte Czarnecki be dismissed because 42 U.S.C. § 1983 requires a plaintiff to allege a violation of a constitutional right committed by a person acting under color of state law, and here, two of the agencies or persons acted under federal law, and the remaining party MDHR is not a "person" within the meaning of § 1983. [*Id.*]

## II.    Analysis

Mr. Ntamere argues that Ms. Czarnecki and the EEOC should not be dismissed and requests the Court to allow him to make several revisions to his Amended Complaint. Based on the Court's careful review, Mr. Ntamere's objections regarding the dismissal of Ms. Czarnecki and the EEOC are overruled. The Court will allow Mr. Ntamere to make his proposed amendments.

### A. Ms. Czarnecki and the EEOC

Mr. Ntamere argues that although the Supreme Court has stated that new *Bivens* actions are disfavored, the Supreme Court has not reversed *Bivens*, and it should apply in

this case.[2] While true that *Bivens* has not been overruled, it does not permit lawsuits against federal agencies such as the EEOC. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* to federal agencies). Moreover, there is no established *Bivens* cause of action against an EEOC official who allegedly cross-filed an employment discrimination claim in the wrong district. The Court finds that the R&R did not err in concluding that Mr. Ntamere cannot pursue a *Bivens* cause of action for the EEOC and Ms. Czarnecki's alleged conduct in this case.[3]

### B. The MDHR

Mr. Ntamere does not object to the R&R's finding that the MDHR should be dismissed as a party because it is not a "person" within the meaning of § 1983. Instead, Mr. Ntamere requests the Court allow him to amend his complaint to add the following state and MDHR officials in their official capacity as defendants: Attorney General Keith Ellison, MDHR commissioner Rebecca Lucero, and MDHR Lead Investigator Tom

---

[2] *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) ("[R]ecognizing a cause of action under *Bivens* is a disfavored judicial activity.") (quotation omitted); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395–97 (1971) (establishing that a "*Bivens*" action may be brought against federal officials in their individual capacity for their constitutional torts).

[3] Mr. Ntamere did not initially bring a *Bivens* action against Ms. Czarnecki and the EEOC. Instead, he brought his claim under 42 U.S.C. § 1983, which the R&R found was not supported by law. The R&R merely referenced *Bivens* in a footnote to explain why his case would not be supported by the federal equivalent to § 1983. [R&R, P. 5 fn. 3.] Mr. Ntamere does not challenge the R&R's finding that 42 U.S.C. § 1983 does not support a claim against the Ms. Czarnecki and the EEOC.

Bernette. He also requests the Court allow him to remove MDHR as a defendant and correct typos in his Amended Complaint. The Court grants Mr. Ntamere's request. [4]

**Accordingly, IT IS HEREBY ORDERED that:**

1. The Report and Recommendation [ECF No. 8] is **ACCEPTED**.

2. Defendant's Objections [ECF No. 10] are **OVERRULED in part and GRANTED in part**.

3. Mr. Ntamere's claims against Ms. Czarnecki and the EEOC are **DISMISSED** without prejudice.

4. Mr. Ntamere may amend his Amended Complaint within 30 days of this Order. Mr. Ntamere may add Attorney General Keith Ellison, MDHR commissioner Rebecca Lucero, and MDHR Lead Investigator Tom Bernette to his Amended Complaint, remove MDHR as a defendant, and correct typos in his Amended Complaint. Mr. Ntamere may not make other revisions.

Date: November 14, 2023

                                             *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States District Judge

---

[4] The defendants do not appear to oppose Mr. Ntamere's request to amend his Complaint. Therefore, the Court will allow it.