UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony E. Ntamere,<br><br>    Plaintiff,<br><br>v.<br><br>Amerihealth Administrators Inc., et al.,<br><br>    Defendants. | No. 22-cv-2682 (KMM/JFD)<br><br><br>**ORDER** |

This matter is before the Court on the Motion to Dismiss filed by Defendants Amerihealth Administrators, Inc., International Blue Cross of PA, John Clayton, Jeffrey Kearns, Michele Schumacher, and Tashima Waller, ECF 74, and the January 17, 2024 Report and Recommendation ("January 17th R&R") issued by United States Magistrate Judge John F. Docherty, ECF 85. In the January 17th R&R, Judge Docherty recommends that Plaintiff Anthony E. Ntamere's Second Amended Complaint be dismissed because it fails to state a plausible claim upon which relief may be granted. ECF 85. The Court assumes familiarity with the substantive nature of the allegations in Mr. Ntamere's pleadings.

I.   **Procedural History**

Mr. Ntamere filed his initial complaint on October 25, 2022 and sought leave to proceed *in forma pauperis* ("IFP"). On November 15, 2022, Mr. Ntamere filed a First

Amended Complaint.[1] Judge Docherty granted Mr. Ntamere leave to proceed IFP, but on February 9, 2023, Judge Docherty issued a Report and Recommendation recommending dismissal of Plaintiff's claims against the following Defendants: Minnesota Department of Human Rights ("MDHR"), the Equal Employment Opportunity Commission ("EEOC"), and Charlotte Czarnecki, EEOC Investigator. ECF 8. The remaining defendants—Amerihealth Administrators, Inc., International Blue Cross of PA, John Clayton, Jeffrey Kearns, Michele Schumacher, and Tashima Waller—waived service, and on May 5, 2023, they moved to dismiss the claims against them. ECF 14. The parties completed briefing on the May 5th motion to dismiss in July 2023.

On November 14, 2023, the Court entered two Orders. ECF 58; ECF 59. In the first, the Court accepted Judge Docherty's February 9, 2023 Report and Recommendation and dismissed Ntamere's claims against Ms. Czarnecki and the EEOC without prejudice. ECF 58 at 6 ¶ 3. The Court granted Mr. Ntamere's request to remove MDHR as a defendant. *Id.* at 6. Finally, the Court granted Plaintiff's request to file a Second Amended Complaint adding Minnesota Attorney General Keith Ellison, MDHR Commissioner Rebecca Lucero, and MDHR Lead Investigator Tom Bernette as defendants. *Id.* at 6 ¶ 4.

In the second Order, the Court granted the motion to dismiss filed by AmeriHealth Administrators, Inc. ("AHA") and Independence Blue Cross, LLC ("IBC"), Michele

---

[1] Mr. Ntamere was permitted to amend once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). The First Amended Complaint, therefore, became the operative pleading on November 15, 2022. On December 13, 2023, Mr. Ntamere filed a Second Amended Complaint after the Court gave him leave to amend. At that time, the Second Amended Complaint became the operative pleading.

2

Schumacher, John Clayton, Jeffrey Kearns, and Tashima Waller. ECF 59. The Court found that Plaintiff failed to adequately plead facts establishing personal jurisdiction over Waller, Clayton, and Schumacher and dismissed them from this case. However, the Court found Plaintiff alleged facts showing personal jurisdiction over Kearns. Turning to the merits of the remaining claims, the Court dismissed Mr. Ntamere's claims under 42 U.S.C. § 1983 because he failed to allege that Defendants are state actors. The Court also dismissed Ntamere's claims under 42 U.S.C. § 1981 because he did not plausibly allege interference with contractual activity based on race. Further, the Court found that Mr. Ntamere failed to plausibly allege a prima facie case of retaliation under § 1981. And the Court declined to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Accordingly, the claims against Clayton, Waller, and Schumacher and the state law claims were dismissed without prejudice; and Plaintiff's §§ 1983 claims against IBC, AHA, and Kearns were dismissed with prejudice.[2] Based on the Court's instructions, the Clerk of Court entered Judgment on November 16, 2023.

---

[2] The Order stated that the § 1981 claims against Clayton and Waller were dismissed with prejudice for failure to state a claim. However, because the Court found that it lacked personal jurisdiction over Clayton and Waller and dismissed the claims against them without prejudice on that basis, the Court should not have addressed the merits of any claim against Clayton and Waller. *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 372 (8th Cir. 1990) ("Before a district court can reach the merits of a dispute and enter legally binding orders, it must determine as a threshold matter whether it possesses personal jurisdiction over the defendants."); *Cortec Corp. v. Corpac GmbH & Co. KG*, No. 22-cv-476 (KMM/ECW), 2023 WL 171791, at *4 (D. Minn. Jan. 12, 2023) ("Absent personal jurisdiction, it would be improper to consider the motion to dismiss for failure to state a claim; the absence of personal jurisdiction means the absence of judicial power to reach the merits of a case.") (cleaned up). Accordingly, this Order will modify the November 14, 2023 Order of dismissal to make clear that all claims against Clayton and Waller are dismissed without prejudice for lack of personal jurisdiction. This change does not affect the Court's ultimate conclusion that all claims in this litigation are subject to dismissal.

Following the November 14th Orders, Mr. Ntamere filed a motion for leave to file a Second Amended Complaint. ECF 59. On December 13, 2023, the Court vacated the Judgment as premature because the Court had allowed Mr. Ntamere to file a Second Amended Complaint. ECF 63. In that Order, the Court explained that in vacating the Judgment, it did not "alter any of the Court's findings or conclusions in the November 14th Order granting the Motion to Dismiss and [did] not revive any of the claims against the Defendants that have already been dismissed." *Id.* at 2 n.1. In addition, the Court granted Plaintiff's motion to amend, noting that Mr. Ntamere substantially complied with the Court's instructions in submitting his amended pleading, though he had not removed MDHR as a defendant. *Id.* at 2 & n.2. Finally, the Court found that because Plaintiff is proceeding IFP, his Second Amended Complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

On December 15, 2023, Defendants AHA, IBC, Schumacher, Clayton, Kearns, and Waller filed a letter seeking clarification concerning the effect of the Court's December 13th Order. Specifically, Defendants were concerned that Plaintiff's submission of a Second Amended Complaint that was essentially the same pleading he had previously filed and included claims against them indicated that Plaintiff "may mistakenly believe that he is pursuing claims against already dismissed parties." ECF 68. On December 26, 2023, these same Defendants protectively filed a motion to dismiss Plaintiff's Second Amended Complaint. ECF 74. These Defendants repeated the same arguments they had raised in their earlier motion to dismiss, but also argued that Plaintiff's claims against them in the Second

4

Amended Complaint should be dismissed because they had been dismissed and because they were contrary to the law of the case. ECF 76 at 9–13.

## II. January 17, 2024 R&R and Plaintiff's Objections

In the January 17th R&R, Judge Docherty conducted a preservice review of the Second Amended Complaint pursuant to § 1915(e)(2)(B), carefully analyzed the procedural history of this litigation, and recommended dismissal of the Second Amended Complaint.

First, Judge Docherty noted that Mr. Ntamere's Second Amended Complaint includes a § 1983 claim against the MDHR. Consistent with the February 9, 2023 Report and Recommendation, Judge Docherty again recommended that this claim be dismissed because the MDHR is not a "person" within the meaning of § 1983.

Second, Judge Docherty found that the Second Amended Complaint adds Minnesota Attorney General Keith Ellison, MDHR Commissioner Rebecca Lucero, and MDHR Lead Investigator Tom Bernette as defendants in the official capacities. Judge Docherty concluded that Ntamere's official-capacity claims for money damages against these defendants should be dismissed based on Eleventh Amendment immunity. Judge Docherty then turned to Mr. Ntamere's request for declaratory and injunctive relief, finding that Ntamere was required to allege that these officials took action pursuant to an unconstitutional governmental policy or custom. In the Second Amended Complaint, Plaintiff alleges that he was denied due process when Czarnecki erred by cross-filing his initial EEOC claim with the PHRC instead of the MDHR, thereby depriving him of local review of his discrimination claim in violation of his due process rights. January 17th R&R

5

at 9–10. Judge Docherty recommended that Ntamere's due process claim should be dismissed because he failed to assert an interest protected by the Fourteenth Amendment in having his complaint handled in a particular way by the MDHR. In particular, the January 17th R&R concludes that the Minnesota Human Rights Act ("MHRA") does not create a protected property interest in how Mr. Ntamere's complaint was handled and that Ntamere failed to allege any facts to suggest the decision by the MDHR to decline to review his July 2019 discrimination complaint deprived him of further review. *Id.* at 11–12.

Further, Judge Docherty liberally construed Ntamere's complaint as alleging that MDHR Lead Investigator Tom Bernette denied him equal protection by declining to review his July 2019 charge. *Id.* at 13. However, Judge Docherty recommended dismissal of such a claim because Plaintiff failed to state facts suggesting that Bernette or MDHR declined to consider his complaint but considered the complaints of similarly-situated persons.

Next, Judge Docherty noted that although the Eleventh Amendment does not bar claims for damages against state officials sued in their personal capacities, Mr. Ntamere had not made a clear statement that he was suing Attorney General Ellison, Commissioner Lucero, and Investigator Bernette in their individual capacities. *Id.* at 14. "But even if there were, Mr. Ntamere's claims against the State Defendants in their individual capacities would fail because Mr. Ntamere has not identified any plausible violation of a constitutional or federal right." *Id.*

Finally, Judge Docherty recommended that the Court decline to exercise supplemental jurisdiction over Mr. Ntamere's state law claims.

6

*Plaintiff's Objections*

Mr. Ntamere filed timely objections to the January 17th R&R. ECF 87. When a party files specific objections to a magistrate judge's report and recommendation, the District Court "must determine de novo any part of the [R&R] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "'The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections.'" *United States v. Cain*, No. CR 23-346 (JRT/DTS), 2024 WL 2091999, at *1 (D. Minn. May 9, 2024) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). "'Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error.'" *Id.* (quoting *Montgomery v. Compass Airlines*, LLC, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

First, Mr. Ntamere refers the Court to the objections he filed in response to the December 9, 2022 Report and Recommendation. These are not specific objections to the January 17th R&R because they do not specify the portions that decision Ntamere objects to and does not provide a basis for any objection to the January 17th R&R. Moreover, the Court has already accepted the December 9, 2022 Report and Recommendation and overruled Ntamere's objections. The Court finds that Mr. Ntamere's incorporation by reference of the previous objections does not provide any basis to disagree with the January 17th R&R's recommended disposition of Ntamere's claims.

Second, Mr. Ntamere raises concerns with the January 17th R&R's observation that "Defendant Jane Doe has not been served with the summons and complaint," ECF 85 at 2

7

n.1, indicating that he "does not know what to make of [that] statement," ECF 87 at 1–2. The Second Amended Complaint identifies one Defendant as a "Jane Doe" employee and asserts a defamation claim against that employee. According to the pleading, Jane Doe is an anonymous witness listed on a human resources document as "AHA-000252," and they are the individual who purportedly stated that they did not hear Defendant Kearns use a racial used slur and that if Kearns the offensive term, it would have been in the context of the training. ECF 65 ¶¶ 15, 145. Because the individual is unidentified in Mr. Ntamere's complaint, there is no way for the United States Marshal Service to serve that individual, and that individual is not subject to the jurisdiction of this Court. Moreover, the only claim Plaintiff has alleged against this individual is a state law defamation claim, which the January 17th R&R concludes should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). The Court agrees that the state law claims should be dismissed pursuant to § 1367(c), and nothing in the objections to the R&R undermines that conclusion.

Next, Mr. Ntamere asserts that the Court should revisit its prior conclusion that his claims against Ms. Czarnecki, a federal official, should be dismissed as a matter of law. He asserts that the R&R incorrectly characterized his allegations as asserting that Czarnecki made an "error" in cross-filing his complaint with the PHRC because he alleged that Czarnecki intentionally prevented him from accessing local review and did not do so unilaterally. ECF 87 at 3–5. The Court previsouly found that Mr. Ntamere's pleadings fail to state a claim against Ms. Czarnecki under 42 U.S.C. § 1983 because she is not a *state* actor and Plaintiff failed to allege facts that would support a claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Nothing in Mr. Ntamere's objections, nor

8

in his December 18, 2023 letter to the Court, ECF 71, supports reconsideration of the Court's earlier ruling because Plaintiff still does not allege that she is a state actor and there is still no viability to a claim under *Bivens*. This objection is overruled and provides no basis to reject the January 17th R&R.

Next, Plaintiff objects to the January 17th R&R's determination that he failed to allege deprivation of any protected liberty or property interest under the Due Process Clause of the Fourteenth Amendment. In his objections, Ntamere writes:

> Plaintiff disagrees with the Report and Recommendation's interpretation of the [MHRA]. The [MDHR] Commissioner's decision is limited only to the processing of the charging document and not to Minnesota citizens' right to file an intake form, be interviewed by MDHR employees, or complete the charging document. The Commissioner's discretion comes into play only after the document has been completed and not before that.

ECF 87 at 6 (citing Minn. Stat. § 363A.28, subd. 6(b)(1), (2), and (5)). In other words, Mr. Ntamere argues that the January 17th R&R erred in concluding that the MHRA does not create a protected property interest in local review of his administrative employment complaint.

Judge Docherty found that the MHRA did not give rise to a protected property interest because Minn. Stat. § 363A.28, subd. 6(h) expressly gives the MDHR Commissioner discretion in determining how to process complaints. January 17th R&R at 12. The Court agrees. Most notably, subdivision 6(h) states that the Commissioner "may adopt policies to determine which charges are processed…." This language supports Judge Docherty's conclusion that state law grants the Commissioner significant discretion and,

9

therefore the MHRA does not create a protected property interest for Mr. Ntamere in having his complaint handled in a particular way. The subparagraphs cited by Mr. Ntamere in his objections—Minn. Stat. § 363A.28, subd. 6(b)(1), (2), and (5)—do not change this conclusion. Subdivision 6(b) tells the Commissioner the order in which to "give priority to investigating and processing … charges," but leaves it to the Commissioner to "determine[]" which charges have the relevant characteristics, including "evidence of irreparable harm," evidence of "reprisal," and when "there is potential for broadly promoting the policies of this chapter." § 323A.28, subd. 6(b)(1), (2), and (5). These provisions are fully consistent with subdivision 6(h)'s language establishing the discretionary nature of the Commissioner's determination regarding which charges to process and how to process them. Therefore, Mr. Ntamere's objection is overruled.

Finally, Mr. Ntamere appears to seek leave to amend his complaint. He seeks to (1) remove MDHR from the caption; (2) add Attorney General Ellison, Commissioner Lucero, and Investigator Bernette as defendants; (3) add the director of the EEOC Minneapolis Area Office as a defendant; (4) add new counts under 42 U.S.C. §§ 1985, 1986 against Ellison, Lucero, and Bernette; (5) add a cause of action for injunctive and declaratory relief; (6) clean up pagination errors and allegations concerning money damages in Count 1; (7) formally plead the elements of due process violations under the United States and Minnesota Constitutions; (8) make unspecified "corrections on pleading against the State and Federal Defendant[s] with more concise and detailed information"; and (9) make any other necessary amendments relevant to the remaining defendants. ECF 87 at 9. Although the Court should give leave to amend "freely … when justice …

requires," in this case, Mr. Ntamere has already amended his complaint twice and neither pleading has withstood prescreening review and a motion to dismiss. The Court finds that further amendment is unwarranted.

Mr. Ntamere does not object to Judge Docherty's conclusion that the Second Amended Complaint fails to state a plausible equal protection claim against Investigator Bernette. The Court finds no clear error in the January 17th R&R's recommendation that such a claim should be dismissed for failure to state a claim.

For these reasons, the January 17th R&R, ECF 85, is accepted and Mr. Ntamere's objections are overruled. Accordingly, the Court dismisses the Second Amended Complaint without prejudice as stated below.

### III. Motion to Dismiss

The Motion to Dismiss the Second Amended Complaint filed by Defendants AHA, IBC, Clayton, Kearns, Schumacher, and Waller, ECF 74, is also before the Court. As noted above, these Defendants raised the same arguments they made in their earlier motion to dismiss the First Amended Complaint. In addition, they argue that Plaintiff's claims against them in the Second Amended Complaint should be dismissed because they had been dismissed and because they were contrary to the law of the case. ECF 76 at 9–13.

Mr. Ntamere filed an opposition to Defendants' motion. ECF 82. Although Mr. Ntamere broadly argues that the motion to dismiss was brought in "bad faith," his response makes clear that he is not attempting to have this Court reconsider the conclusions it reached with respect to the claims against them in the Court's November 14th Order of dismissal. *Id.* at 4–5.

Because the Court permitted Mr. Ntamere leave to file the Second Amended Complaint, that document is the operative pleading in this matter. As a result, the Court finds no bad faith in the Defendants' filing of their motion to dismiss the Second Amended Complaint. When the Court gave Mr. Ntamere leave to file, it provided that allowing him to do so did not revive any of the claims the Court had previously dismissed. The purpose of allowing the amendment was to permit Mr. Ntamere to remove the MDHR as a defendant, which he did not do, and seek to bring claims against the State Defendants Ellison, Lucero, and Bernette, which he did. In retrospect, the Court may have been able to avoid the need for these Defendants to file their motion to dismiss the Second Amended Complaint if it had responded to their letter seeking clarification before they made the motion. In any event, nothing about the claims against these Defendants changed when Plaintiff filed his Second Amended Complaint, so they are subject to dismissal for the same reasons articulated in the Court's November 14, 2023 Order granting the motion to dismiss the First Amended Complaint. Accordingly, the Court grants these Defendants' motion to dismiss the Second Amended Complaint on the same terms and for the same reasons stated in the Court's November 14th Order. ECF 59. Therefore, the Court includes the dismissal language from its prior dismissals in this Order and directs entry of final judgment. But because all claims against Clayton and Waller are dismissed for lack of personal jurisdiction, and the Court does not reach the merits of the claims against them, the Court amends its dismissal with prejudice of Plaintiff's § 1981 discrimination claims to reflect that the Court does not reach the merits of those claims as to Clayton and Waller. *See* ECF 59 at 23 ¶ 1.d; *see also*, note 2, *supra*, p. 3.

# ORDER

Based on the discussion above, and on the entire record and the proceedings herein, the Court enters the following ORDER.

1. The Report and Recommendation dated January 17, 2024, ECF 85, is **ACCEPTED**;

2. Plaintiff's Objections, ECF 87, are **OVERRULED**;

3. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, ECF 74, is **GRANTED** for the same reasons and on the same terms the Court stated in its November 14, 2023 Order of dismissal, ECF 59, with one modification included below;

4. The Second Amended Complaint is **DISMISSED** as follows:

    a. Plaintiff's claims against Ms. Czarnecki and the EEOC are dismissed without prejudice (*see* ECF 58);

    b. Plaintiff's claims against John Clayton, Tashima Waller, and Michele Schumacher are dismissed without prejudice for lack of personal jurisdiction (*see* ECF 59);

    c. Plaintiff's § 1983 claims against Amerihealth Administrators Inc. are dismissed with prejudice for failure to state a claim;

    d. Plaintiff's § 1981 discrimination claims against IBC, AHA, and Jeffrey Kearns are dismissed with prejudice for failure to state a claim;

    e. Plaintiff's § 1981 retaliation claims against IBC and AHA are dismissed with prejudice for failure to state a claim;

  f. Plaintiff's § 1983 claim against the MDHR is dismissed without prejudice;

  g. Plaintiff's § 1983 official-capacity claims for damages against Defendants Attorney General Keith Ellison, MDHR Commissioner Rebecca Lucero, and MDHR Lead Investigator Tom Bernette in their official capacities are dismissed without prejudice because they are barred by the Eleventh Amendment;

  h. Plaintiff's § 1983 official-capacity claims for injunctive and declaratory relief against Defendants Attorney General Keith Ellison, MDHR Commissioner Rebecca Lucero, and MDHR Lead Investigator Tom Bernette are dismissed without prejudice for failure to state a claim; and

  i. Plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

**Let Judgment be entered accordingly**.

Date: July 30, 2024          *s/Katherine Menendez*
                   Katherine Menendez
                   United States District Judge